NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANNETTE HURLEY,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1387

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-642, Judge Amanda L. Meredith.

---

Decided:  September 11, 2025

---

ROBERT DAVIS, Law Offices of Robert R. Davis, Charlotte, NC, argued for claimant-appellant.

AUGUSTUS GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, JONATHAN

KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before LOURIE, TARANTO, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

Annette Hurley appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming a Board of Veterans' Appeals decision finding that the character of her discharge from active duty service (August 6, 1980, to January 12, 1983) is a bar to Department of Veterans Affairs' ("VA") compensation under 38 C.F.R. § 3.12. *Hurley v. McDonough*, No. 22-0642, 2023 WL 8108059, at *1, *5 (Vet. App. Nov. 22, 2023); J.A. 29. For the below reasons, we *vacate* and *remand*.

Because the parties are familiar with the general background facts of this case, we focus only on the facts relevant to our decision here. After Ms. Hurley filed her opening brief with this court on March 21, 2024, *see* ECF No. 10, the applicable regulation, 38 C.F.R. § 3.12, was substantially amended. *See* Update and Clarify Regulatory Bars to Benefits Based on Character of Discharge, 89 Fed. Reg. 32361, 32361 (Apr. 26, 2024) (explaining that this amended rule applies to applications for benefits that are pending before the VA, the Veterans Court, or the Federal Circuit on June 25, 2024). The Secretary of Veterans Affairs subsequently moved to remand pursuant to Federal Circuit Rule 27(f). Appellee's Br. 12.

We vacate and remand to the Veterans Court to consider the updated version of the applicable regulation, 38 C.F.R. § 3.12. "A remand is generally required if [an] intervening event may affect the validity of the agency action" and "may conserve judicial resources." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028–29 (Fed. Cir. 2001). At oral argument, counsel for Ms. Hurley conceded that the

updated regulation applies to her application for benefits and no longer objects to a remand. Oral Arg. 1:04–1:24, 3:00–3:07, https://www.cafc.uscourts.gov/oral-arguments/24-1387_09022025.mp3 ("We don't object to a remand . . . ."); ECF No. 45 ("The parties agree that this case should be remanded."). Because the Veterans Court did not have the benefit of the amended regulation, we *vacate* and *remand*.[1] On remand, Ms. Hurley's application for benefits should be considered in light of the amended regulation.

**VACATED AND REMANDED**

Costs

No costs.

---

[1] Because of our decision to vacate and remand, we do not reach Ms. Hurley's arguments that the Veterans Court erred in applying the incorrect standard for (1) willful misconduct in 38 C.F.R. § 3.1(n), Appellant's Br. 11–35, and (2) harmless error, *id.* at 35–47.